IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICHARD ALLISON,** | \* |
| Petitioner, | \* |
| v. | \* Criminal No.: RWT 08cr0344 |
| | \* Civil No.: RWT 10cv2552 |
| **UNITED STATES OF AMERICA,** | \* |
| Respondent. | \* |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Richard Allison's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court determines that an evidentiary hearing is unnecessary and, for the following reasons, will deny Petitioner's motion.

### Background

On July 17, 2008, the Government filed a one-count Criminal Information against the Petitioner alleging conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. Doc. No. 1. On September 3, 2008, Petitioner appeared before this Court, executed a waiver of indictment, and entered a guilty plea to Count One of the Information. Doc. No. 38 at 2. At the plea hearing, the Court conducted a Rule 11 colloquy and confirmed that Petitioner had read and understood the plea agreement and was satisfied with the services of his attorneys. *Id.* at 3-4 (citing Rule 11 Colloquy Tr. 3:22-25; 4:1-15; 5:21-25; 6:1). Respondent provided an oral summary of the agreement, including the Guideline factors, application of those Guidelines, and the waiver of rights, and Petitioner responded "no" to whether he had any "concerns about the description of the agreement." *Id.* at 4 (citing Rule 11 Colloquy Tr. 9-15; 16:21-25; 17:1-2;

18:24-25; 19:1-2). The Court asked Petitioner if all the facts in the agreement were true and if he was in fact guilty, to which Petitioner responded, "yes." *Id.* at 6 (citing Rule 11 Colloquy Tr. 41:23-25; 42:1-6).

On August 18, 2009, Petitioner filed a Motion to Withdraw Guilty Plea. Doc. No. 19 at 1. The Court denied Petitioner's Motion and on September 14, 2009, proceeded with the sentencing hearing. Doc. No. 38 at 1. Before the sentencing began, the Court addressed Petitioner's Motion to Withdraw Guilty Plea and concluded that Petitioner "did have the assistance of competent counsel." *Id.* at 8. Petitioner was sentenced to eighteen months imprisonment followed by five years of supervised release. *Id.* at 3.

On September 15, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, arguing that Counsel failed to adequately investigate the case, and thus failed to provide him with sufficient advice before he accepted the plea. *See* Doc. No. 33-1. Respondent argues that Petitioner fails to show that Counsel's conduct fell below a standard of reasonableness to prejudice his case. *See* Doc. No. 38 at 8-13. On December 8, 2010, Petitioner was released from jail and placed on supervised release.[1] *See* Doc. No. 39 at 1.

### Standard of Review

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." *See* 28 U.S.C. § 2255 (2006); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A § 2255 claimant will be denied an evidentiary hearing if the petitioner fails to plead facts that establish a material dispute. *See Higgs v. United States*, 711 F.

---

[1] This motion is properly before this Court because "[a] prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

Supp. 2d 479, 552 (D. Md. 2010) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963)).

## Analysis

### I. Petitioner Had Effective and Competent Counsel.

Petitioner claims he had ineffective assistance of counsel because Counsel failed to adequately investigate his case and "professional[ly] deliberat[e]" before advising Petitioner to enter the guilty plea. Doc. No. 33-1 at 1. In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must show that counsel's representation fell "below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The court is highly deferential to counsel's decisions, and reviews the challenged conduct in light of an attorney's trial strategy. *See id.* at 689; *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect."); *Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985) ("We should be extraordinarily slow to second-guess counsel's trial strategy.").

### A. Counsel's Conduct Met the Standard of Reasonableness Guaranteed by the Sixth Amendment.

Petitioner's claim that Counsel's investigation was inadequate because Counsel did not speak with Petitioner's co-defendants or identify other potential witnesses is unsubstantiated and, thus without merit. *See* Doc. No. 33-1 at 14. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8. Without affidavits substantiating a potential witness's testimony, "speculation [of a potential testimony] is not sufficient to support an ineffective assistance claim." *Wooten v.*

*Hartwig*, 1997 WL 119585, at *2 (7th Cir. Mar. 11, 1997); *see also United States v. Bass*, 460 F.3d 830, 839 (6th Cir. 2006) (holding that the lower court did not err in denying the defendant a hearing on uncalled witnesses because the defendant failed to produce evidence of how the witnesses would testify).

Here, the Court finds that Counsel's investigation was reasonably within the standards of the profession. Petitioner does not provide any evidence—i.e. affidavits—to establish the alleged witness' proffered testimonies; thus, this Court cannot evaluate an ineffective assistance claim. Even assuming that Petitioner is correct and Counsel's conduct fell "below an objective standard of reasonableness," Petitioner does not show that there is a reasonable probability the case would have had a different result. *See Strickland,* 466 U.S. at 694.

### B. Petitioner's Case Was Not Prejudiced.

Courts use the Rule 11 colloquy as means for curing any potential deficiencies and ensuring the defendant is not prejudiced in his plea. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). During a Rule 11 colloquy, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Ultimately, the authority to decide to enter a guilty plea lies with the defendant. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). In *Hill v. Lockhart*, the court determined the validity of a guilty plea based on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 300 U.S. 25, 31 (1970)).

Here, the transcript of the Rule 11 colloquy reveals that the Court performed an extensive and exhaustive hearing where Petitioner unequivocally indicated he understood the scope of the agreement and sentencing procedure. *See* Doc. No. 38 at 3-7 (citing Rule 11 Colloquy Tr. 3:22-

25; 4:1-15; 5:21-25; 6:1; 7:2-24; 8:12-25; 9:1-9; 16:21-25; 17:1-2; 18:24-25; 19:1-2; 30:7-25; 31:1-12; 32:6-10; 41:6-25; 42:1-6).  The agreement unmistakably specified that agreeing to the plea meant waiving the right to a trial.  Doc. No. 6 at 3.  Additionally, the Court confirmed with the Petitioner that he read and understood the stipulations of the plea and was agreeing to it voluntarily.  Doc. No. 38 at 4-6 (citing Rule 11 Colloquy Tr. 8:12-21; 16:21-25; 17:1-2; 18:24-25; 19:1-30:25; 31:1-12; 32:6-10; 41:6-13).  "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."  *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992); *see United States v. White*, 366 F.3d 291, 296 n.4 (4th Cir. 2004) ("[W]hen Rule 11's safeguards are afforded to a defendant, an evidentiary hearing will indeed be rare.").  Finally, as the Court indicated in the Sentencing Proceeding, it is "difficult if not impossible to disregard the status of the defendant as a member of the bar.  Anybody who graduated from law school . . . has some basic rudimentary knowledge" of court proceedings and guilty pleas.  Doc. No. 38 at 8 (citing Sentencing Proceeding Tr. 47:9-14; 48:22-49:7).

## Conclusion

Because the record before the Court demonstrates that Petitioner's Counsel was effective and competent, and because there was no legal error that prejudiced his sentencing, Petitioner is not entitled to relief.  Accordingly, it is, this 2nd day of August, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255, Doc. No. 33, is **DENIED**; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk is directed to mail a copy of this memorandum opinion and order to the Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
